Sybil KALISH, Plaintiff,

v.

**KARP & KALAMOTOUSAKIS, LLP, Defendant.**

**No. 06 Civ. 4933(LAP).**

United States District Court, S.D. New York.

Nov. 13, 2007.

Adam J. Fishbein, Woodmere, NY, for Plaintiff.

Arthur Jay Sanders, Spring Valley, NY, for Defendant.

## MEMORANDUM & ORDER

LORETTA A. PRESKA, District Judge.

Plaintiff Sybil Kalish filed this class action lawsuit on June 28, 2006, alleging that Defendant law firm Karp & Kalamotousakis, LLP, violated §§ 807(10) and 809(a)(3) of the Fair Debt Collection Practices Act ("FDCPA"), Pub.L. 95–109, Sept. 20, 1977, 91 Stat. 874, *codified at* 15 U.S.C. §§ 1692e(3), 1692g, by sending a form letter that incorrectly informed her that she could only dispute a debt owed to Defendant in writing. On March 28, 2007, Plaintiff's counsel moved to certify the class comprised of the approximately 700 individuals who received Defendant's allegedly illegal form letter.[1]

■ Defendant concedes liability on the underlying FDCPA claim and also concedes all issues relating to class certification, save two: adequacy of class counsel, and superiority.[2] Because there are few facts in this case and none is disputed, they are set forth below with my discussion of Defendant's arguments. Finding those arguments wanting, Plaintiff's motion to certify the class is GRANTED.

### I. *Adequacy of Class Counsel*

Defendant's first objection to class certification is that counsel for Plaintiff, Mr. Adam Fishbein, is unqualified to serve as class counsel. *See* Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for

---

**1.** Precisely, Plaintiff defines the class to be "all person whom Defendant's records reflect resided in the United States and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about April 24, 2006, (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. §§ 1692e(3) and 1692g." Class Action Complaint ¶ 1.17 (June 28, 2006).

**2.** Of course, the party seeking certification bears the burden of proving each element of Rule 23. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997); *In re Initial Public Offering Securities Litigation*, 471 F.3d 24, 41 (2d Cir.2006). Hearing no objection from Defendant, I find that Plaintiff has met her burden with respect to each undisputed element of Rule 23(a)—numerosity, commonality, typicality and representativeness of the named plaintiff—and each undisputed element of Rule 23(b)(3)—namely, that common questions of law or fact predominate.

Class Certification ("Def's Mem.") at 6–11 (June 1, 2007).

Rule 23(a)(4) requires that the class representative adequately represent the putative class. In the past, courts evaluating that requirement routinely examined both the adequacy of the named plaintiff and the adequacy of class counsel. *See* 5 Moore's Federal Practice § 23.25[3] (Matthew Bender 3rd ed.). In the Second Circuit, class counsel was considered adequate if she was "qualified, experienced and generally able" to conduct the litigation. *See In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir.1992); *see also Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir.1968), *vacated on other grounds*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).

The 2003 Amendments to Rule 23 changed this framework somewhat, shifting the court's examination of the adequacy of counsel to coincide with its new duty to appoint class counsel under Rule 23(g). *See Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330, 339 n. 74 (S.D.N.Y.2004).[3] The Advisory Committee nonetheless observed how Rule 23(g) was only intended to build upon judicial experience in evaluating counsel, "rather than introduc[e] an entirely new element into the class certification process." *See* Fed. R.Civ.P. 23 Advisory Committee's Notes to the 2003 Amendments. Thus, while there may be confusion about which part of Rule 23 requires an examination of the adequacy of counsel, *compare Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 99 (2d Cir.2007), *and Romano v. SLS Residential Inc.*, 2007 WL 3145076 *9 n. 5 (S.D.N.Y. Oct. 10, 2007) (assessing adequacy of class counsel under Rule 23(a)(4)), *with In re J.P. Morgan Chase Cash Balance Litigation*, 242 F.R.D. 265, 276 (S.D.N.Y.2007) (assessing adequacy of class counsel under Rule 23(g)), it is clear that the court's analysis remains largely the same.[4]

█ It is equally clear that, under such an analysis, Defendant's argument must fail. Defendant mistakenly conflates "qualified" with "successful" and thereupon undertakes a detailed description of some of Mr. Fishbein's losses in court. Suffice it to say by way of clarification that, under Defendant's understanding of the term, few criminal defense attorneys in the City of New York would be "qualified" to practice, criminal defense.[5] Just as surely as that is not the case, so too is it irrelevant for present purposes what wins and losses Mr. Fishbein has been fortunate enough to accumulate during his extensive career litigating FDCPA cases. Instead, Rule 23 requires only that class counsel have experience in the particular type of law at issue or that she have demonstrated her competence in other ways, such as through the quality of her submissions to the court. *See, e.g., Schwab v. Philip Morris USA*, 449 F.Supp.2d 992, 1106 (E.D.N.Y. 2006) (Weinstein, J.). Having reviewed the affidavits regarding Mr. Fishbein's more than ten years of experience bringing FDCPA suits and having examined his papers submitted to this Court, I find that he will adequately represent the interests of the class members.

## II. *Superiority*

Having cleared the Rule 23(a) hurdles, a putative class must also satisfy the criteria set forth in one of the three subsections of Rule 23(b). In particular, Rule 23(b)(3), which the parties agree is the only appropriate approach in this lawsuit, requires that (i) questions of law and fact common to the class predominate over issues that are unique to individual class members, and that (ii) the

---

**3.** Rule 23(g) applies "unless a statute provides otherwise." The FDCPA does not provide otherwise; quite the contrary, it specifically contemplates class action lawsuits. *See* FDCPA, 15 U.S.C. § 1692k(a)(2)(B).

**4.** Under Rule 23(g), the court must consider: (a) the work counsel has done in identifying or investigating potential claims in the action, (b) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, (c) counsel's knowledge of the applicable law, and (d) the resources counsel will commit to representing the class. The court may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.

**5.** Although some of the harsh language cited by Defendant refers to "potentially frivolous" suits, that appellation does not apply here, particularly in light of Defendant's concession of liability.

"class action is superior to other available methods for the fair and efficient adjudication of the controversy." Factors relevant to the superiority of a class action include:

> (A) the interest of the members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action.

Fed.R.Civ.P. 23(b)(3).

■ Defendant attacks the superiority of class certification in this case on the ground that any recovery class members eventually will receive will be less than each could have received if he or she brought a claim individually. *See* Def's Mem. at 12–14. This is because the FDCPA caps total damages available to a class at the lesser of $500,000 or one percent of the debt collector's net worth, while individuals may receive actual and other damages not to exceed a total $1000. *See* FDCPA, 15 U.S.C. § 1692k(a)(2)(B). Fixing Defendant's net worth at approximately $175,000, the parties agree that recovery for the class will likely be no more than $1750, and individual recovery will be no more than $2.50. *See* Reply Memorandum in Further Support of Plaintiff's Motion for Class Certification ("Pl's Rep. Mem.") at 1, *Kalish v. Karp & Kalamotousakis*, 06 Civ. 4933 (June 18, 2007). Surely, argues Defendant, it is in each class member's best interest to seek the full measure of FDCPA damages as an individual.

■ Defendant's *"de minimus recovery"* argument, *see* Def's Mem. at 13, is unpersua-

sive for reasons explored by other district courts in this Circuit. *See Petrolito v. Arrow Fin. Servs.*, 221 F.R.D. 303 (D.Conn.2004); *Macarz v. Transworld Sys., Inc.*, 193 F.R.D. 46 (D.Conn.2000).[6] Those Courts observed that, notwithstanding the possibility of higher individual recoveries, litigating as a class retains substantial value because it encourages the prosecution of claims *en masse* that would not be prosecuted individually. *See Petrolito*, 221 F.R.D. at 314 n. 9; *Macarz*, 193 F.R.D. at 55. In the FDCPA context, while the potential for higher individual recoveries exists, realizing that potential requires assuming that each putative class member is "aware of her rights, willing to subject herself to all the burdens of suing and able to find an attorney willing to take her case." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir.1997). Those transaction costs are not insubstantial and have prompted other courts in this Circuit to conclude that litigating as a class is superior to litigating individual FDCPA claims. *See, e.g., Weber v. Goodman*, 9 F.Supp.2d 163, 170 (E.D.N.Y.1998) (finding class action superior in part because small damage awards under FDCPA likely discourages individual lawsuits); *D'Alauro v. GC Services Ltd. Partnership*, 168 F.R.D. 451, 459 (E.D.N.Y.1996) (class action superior because small awards not likely to encourage individual suits).

The same is true here. This is not a situation where claimants, waiting at the courthouse door to assert their FDCPA rights, will be denied justice by class certification. The unfortunate reality of this situation is that most of Defendant's approximately 700 FDCPA violations would probably go unnoticed absent this lawsuit. Of course, that is the very reason Defendant now opposes class certification: not out of any "feigned concern" for claimants, *see Macarz*, 193 F.R.D. at 55, but because it will allow Defen-

---

6. Defendant cites several district court decisions from outside this Circuit that employ the *"de minimus recovery"* argument to deny class certification. *See Jones v. CBE Group, Inc.*, 215 F.R.D. 558, 569–70 (D.Minn.2003); *Sonmore v. CheckRite Recovery Servs., Inc.*, 206 F.R.D. 257, 265–66 (D.Minn.2001); *Lyles v. Rosenfeld Attorney Network*, 2000 WL 798824, *6–7 (N.D.Miss. May 17, 2000); *see also Gradisher v. Check Enforcement Unit, Inc.*, 209 F.R.D. 392, 394 (W.D.Mich.2002) (decertifying class because *de*

minimus recovery undermined superiority). The one decision Defendant cites from this Circuit, *Leyse v. Corporate Collection Servs., Inc.*, 2006 WL 2708451, *9 n. 5 (S.D.N.Y. Sept.18, 2006), cannot bear much weight. In that case, the Court denied class certification because the class was not sufficiently numerous; it then proceeded to observe, in a footnote, how *de minimus* recovery would also have barred certification. *See id.* at *9 n. 5. Such is hardly the ringing endorsement Defendant portrays it to be.

dant effectively to avoid liability for its conceded violations of federal law. This is precisely the kind of situation that class action litigation was meant to address. Thus, while claimants could potentially recover more as individuals, I conclude that on balance additional considerations make class certification superior in this case.

Moreover, should any class member disagree with me, he or she is free to litigate his or her own claim individually. For classes certified under Rule 23(b)(3), Rule 23(c) requires that the court give class members notice of the action and "exclude from the class any member who requests exclusion" during the timeframes set by the court. *See* Fed.R.Civ.P. 23(c)(2)(B). Thus, members of this class who timely notify the Court of their decision to litigate their claim individually will be free to do so. While the Court appreciates Defendant's altruism, it appears class members will have ample opportunity to decide for themselves what is in their own best interest.

*CONCLUSION*

For the reasons set forth above, Plaintiff s motion for class certification is granted. The class shall consist of all individuals to whom Defendant mailed an offending letter to an address in the United States that was not returned by the United States Postal Service. Having taken into account the factors set forth in Rule 23(g) and found Mr. Fishbein qualified to represent the class, he is hereby appointed to serve as class counsel.

Counsel shall confer and inform the Court by letter no later than November 30, 2007 how they propose to proceed.

SO ORDERED: