**Michael SHARF, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**FINANCIAL ASSET RESOLUTION, LLC, Defendant.**

No. 13–61615–CIV.

United States District Court, S.D. Florida.

Jan. 16, 2014.

James Lee Davidson, Michael Lewis Greenwald, Greenwald Davidson PLLC, Boca Raton, FL, for Plaintiff.

Dorothy V. Maier, Dorothy V. Maier, PA, Port Orange, FL, for Defendant.

### ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

JAMES I. COHN, District Judge.

**THIS CAUSE** is before the Court upon the Plaintiff's Renewed Motion for Class Certification [DE 17] ("Motion"). The Court has carefully considered the Motion, Defendant's Response [DE 22], Plaintiff's Reply [DE 21],[1] the record in the case, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Michael Sharf ("Plaintiff") filed suit against Defendant Financial Asset Resolution, LLC ("Defendant") alleging that a letter he received from the Defendant violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55–559.785. *See* Complaint [DE 1] ¶ 1. Specifically, Plaintiff alleges that on May 3, 2013, he received a letter from Plaintiff which stated that he

---

1. Defendant's response to the Motion was originally due on November 8, 2013. When no response was filed, the Court issued an order to show cause. *See* DE 19. Defendant failed to file a response to the order to show cause by the deadline of November 19, 2013. Instead, Defendant filed its response to the Motion on November 20, 2013, after Plaintiff had filed his reply in support of the Motion. Defendant has provided the Court with no explanation as to why it ignored both the original response deadline and the Court's November 19, 2013 Order to Show Cause deadline. Despite the untimeliness of the response, the Court has examined Plaintiff's Motion on the merits.

owed a debt of $13,233.79 originating from a Citibank credit card. *Id.* ¶¶ 14–15. According to Plaintiff, however, this debt was charged off in 2003. *Id.* ¶ 16. The May 3, 2013 letter was marked "Collections Notice." *Id.* ¶ 18. The letter informed Plaintiff that Defendant had purchased his account for collections and provided instructions about how he could remit payment for the balance allegedly owed. *Id.* ¶¶ 19–20. The letter also stated that unless Plaintiff notified the Defendant in writing that he disputed the validity of the debt, it would assume that the debt was valid. *Id.* ¶ 22. Plaintiff contends that Defendant routinely sends letters containing similar language as the May 3, 2013 letter to other Florida debtors. *Id.* ¶ 27. Plaintiff also contends that Defendant routinely attempts to collect debts that are time-barred from other Florida debtors. *Id.* ¶ 28.

Plaintiff purports to bring claims under the FDCPA and FCCPA on behalf of three classes of Florida residents. The first class, described as the overshadowing class, applies to:

> All persons located in the State of Florida who, within one year before the date of this complaint, received an initial written communication from Defendant in connection with an attempt to collect any purported consumer debt, in which the written communication stated as follows:
>
>> Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.

Compl. ¶ 29. The second class, labeled as the limitations class, is described as:

> All persons located in the State of Florida who, within one year before the date of this complaint, received an initial written communication from Defendant in connection with an attempt to collect any purported consumer debt which had been in default for more than five years, in which the written communication did not state that the consumer's debt was time-barred under the applicable statute of limitations.

*Id.* Finally, the Complaint identifies an FCCPA class comprised of:

> All persons located in the State of Florida who, within two years before the date of this complaint, were (1) the subject of any action by Defendant to collect an alleged consumer debt that (2) had been acquired by Defendant (3) when such collection action took place (a) without Defendant having provided written notice to the consumer that it had acquired the debt, or (b) less than 30 days after Defendant provided written notice to the consumer that it had acquired the debt.

*Id.* Plaintiff has now moved to certify the above classes under Federal Rule of Civil Procedure 23(b)(3). As discussed in note 1, *supra*, Defendant has filed an untimely response objecting to the certification.

## II. DISCUSSION

### A. Legal Standard For Class Certification

Plaintiff seeks class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. Rule 23 provides in pertinent part:

> (a) **Prerequisites.** One or more members of a class may sue or be sued as representative parties on behalf of all only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.
>
> (b) **Types of Class Actions.** A class action may be maintained if Rule 23(a) is satisfied and if:
>
> . . .
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed.R.Civ.P. 23. An action may be maintained as a class action only if all four prerequisites of Rule 23(a) are satisfied and, in addition, the requirements of one of the

three subsections of Rule 23(b) are also met. *Heaven v. Trust Co. Bank*, 118 F.3d 735, 737 (11th Cir.1997); *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 [117 S.Ct. 2231, 138 L.Ed.2d 689] (1997).

■ In deciding whether to certify a class, a district court has broad discretion. *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 (11th Cir.1992). Although a district court is not to determine the merits of a case at the certification stage, sometimes "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Id.* at 1570 n. 11. A class action may be certified only if the court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23 have been met. *Gilchrist v. Bolger*, 733 F.2d 1551, 1555 (11th Cir.1984). The burden of establishing these requirements is on the plaintiff who seeks to certify the suit as a class action. *Heaven*, 118 F.3d at 737 (citing *Gilchrist*, 733 F.2d at 1556; *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1038 (5th Cir.1981)).

### B. *Whether Plaintiff is Entitled to Certification of the Proposed Classes.*

To determine whether class certification is appropriate, the Court must first examine whether each of the four prerequisites of Rule 23(a): numerosity; commonality; typicality; and adequacy of representation are met for the proposed classes. *See* Fed. R.Civ.P. 23(a). Next, the Court must determine whether Plaintiff has satisfied the requirements of Rule 23(b)(3). Because the Court concludes that Plaintiff has met his burden, the Court will grant the Motion and certify the proposed classes.

### 1. Numerosity.

■ The focus of the numerosity inquiry is not whether the number of proposed class members is "too few" to satisfy the rule, but "whether joinder of proposed class members is impractical." *Armstead v. Pingree*, 629 F.Supp. 273, 279 (M.D.Fla.1986). Parties seeking class certification do not need to know the "precise number of class members," but they "must make reasonable estimates with support as to the size of the proposed class." *Fuller v. Becker & Polia-*

*koff, P.A.*, 197 F.R.D. 697, 699 (M.D.Fla. 2000). The Eleventh Circuit has held that "[g]enerally, 'less than twenty-one is inadequate, more than forty adequate.'" *Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 490 (S.D.Fla.2003) (quoting *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986)). Here, Plaintiff contends that he has met Rule 23(a)'s numerosity requirement because Defendant has admitted that since June 2012 it sent 3,180 letters to Florida consumers substantially similar to the letter sent to the Plaintiff. Motion at 10 (citing Defendant's Response to Plaintiff's First Interrogatories, Exhibit C to the Motion [DE 17–3] ). Because the proposed classes have in excess of 3,000 members, the Court finds that Plaintiff has met the numerosity requirement.

### 2. Commonality.

■ The commonality requirement of Rule 23(a)(2) demands "questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). It is a "relatively light burden" that "does not require that all the questions of law and fact raised by the dispute be common ... or that the common questions of law or fact predominate over individual issues." *Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1268 (11th Cir.2009) (internal quotation marks omitted). Rather, it requires only "that there be at least one issue whose resolution will affect all or a significant number of the putative class members." *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir.2009) (internal quotation marks omitted). Plaintiff contends that "[t]he questions of fact and law at issue here are entirely common [because] [t]he claims originate from the same conduct, practice, and procedure, on the part of Defendant, namely the issuance of a form debt collection letter, attempts to collect time-barred debts, and attempts to collect debts before providing the advanced notice required under Florida law." Motion at 11. The Court finds that Plaintiff's contention that all class members received the same form collection letter is sufficient to establish commonality. *See Klewinowski v. MFP, Inc.*, No. 8:13–cv–1204–T–33TBM, 2013 WL 5177865, at *2 (M.D.Fla. Sept. 12, 2013) ("The requirement

of commonality is satisfied here because it is alleged that Defendant issued standardized debt collection letters to each member of the putative class in violation of the FDCPA.").

### 3. Typicality.

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed.R.Civ.P. 23(a)(3). A court examining the typicality requirement should determine whether a "sufficient nexus exists between the claims of the named representatives and those of the class at large." *Vega*, 564 F.3d at 1275 (internal quotation marks omitted). A named plaintiff's claims are "typical" when they arise from the same "event or pattern or practice and are based on the same legal theory" as the claims of the remainder of the class. *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir.1984). Typicality is generally satisfied when the named representatives, in proving the elements of their claims, would also establish the elements of the class members' claims. *Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674, 686 (S.D.Fla.2013). Plaintiff argues that he has established typicality because Plaintiff and the members of the classes suffered from a common practice Defendant employed, namely its issuance of form debt collection letters. Motion at 12. The Court agrees with Plaintiff that the sending of form debt collection letters demonstrates typicality. Moreover, other federal courts have certified classes where the class members received collections letters seeking time-barred debt. In *Annunziato v. Collecto, Inc.*, 293 F.R.D. 329 (E.D.N.Y.2013), for example, the court held that a need for individualized determinations with respect to whether the debt was time-barred did not prevent a finding that typicality had been satisfied. *Id.* at 337. Thus, an individual determination of statute of limitations for class members does not preclude certification.

### 4. Adequacy of Representation.

Under Rule 23(a)(4), the Court must be satisfied that the "representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). This requirement applies to both the named plaintiffs and their counsel. *London v. Wal-Mart, Inc.*, 340 F.3d 1246, 1253 (11th Cir. 2003). The purpose of the adequacy requirement is to protect the legal rights of the unnamed class members. *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir.1987). "This 'adequacy of representation' analysis encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1189 (11th Cir.2003). Here, as reflected in the Motion and the attached affidavit of Plaintiff Michael Sharf [DE 17–2], Plaintiff and his counsel are committed to vigorously pursing the claims of the class members. Plaintiff's interests are also aligned with those of the class members and his selected counsel has sufficient experience representing plaintiffs in consumer class actions. Thus, Rule 23(a)'s adequacy of representation requirement has been satisfied.

### 5. Rule 23(b)(3).

#### a. Predominance.

Before a district court can certify a class pursuant to Rule 23(b)(3), the plaintiff must demonstrate that common issues predominate over individualized issues. The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc.*, 521 U.S. at 623, 117 S.Ct. 2231. To satisfy the predominance requirement, " 'the issues in the class action that are subject to generalized proof and, thus, applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof.' " *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir.1997) (quoting *Kerr v. City of W. Palm Beach*, 875 F.2d 1546, 1558 (11th Cir.1989)). The predominance requirement focuses on legal and factual inquiries that qualify each member's claim as a controversy, and it is "far more demanding" than the commonality requirement. *Id.*

Common issues can predominate only if they have a "direct impact on every class member's effort to establish liability

 

that is more substantial than the impact of individual issues in resolving the claim or claims of each class member." *Vega,* 564 F.3d at 1270. Indeed, if plaintiffs must introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their claim, the action is not suitable for class certification under Rule 23(b)(3). *See Klay v. Humana, Inc.,* 382 F.3d 1241, 1255 (11th Cir.2004). Plaintiff argues that Rule 23(b)(3)'s predominance requirement is satisfied because all the claims stem from a form letter that Defendant sent to all members of the proposed classes. Motion at 16. The Court agrees. Because the main issue in dispute in this case is whether form letters sent to Plaintiff and all other class members violate the FDCPA and FCCPA, common issues predominate. *See Singleton v. Gen. Revenue Corp.,* No. 12–20025–CIV, 2013 WL 151181, at *2 (S.D.Fla. Jan. 14, 2013).

### b. Superiority.

When common issues predominate over individual issues, a class action lawsuit is an appropriate vehicle for adjudicating the plaintiffs' claims. *See Klay,* 382 F.3d at 1269. Here, the proposed class members' claims are predicated on a common set of facts and concern the same allegedly deceptive practices. Thus, it will be unnecessary to hear testimony from every individual class member. In addition, because this controversy involves many common questions of law and fact, a class action will be superior to other available methods for fairly and efficiently adjudicating this controversy. Accordingly, this Court is convinced, based on the record before it, that Plaintiff has met his burden of showing that the requirements of Rule 23(b)(3) have been met.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Renewed Motion for Class Certification [DE 17] is **GRANTED;**

2. Plaintiff Michael Sharf is appointed as class representative; and

3. Greenwald Davidson PLLC is appointed as class counsel.